IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEVIN A. PEMBERTON, #67123-018,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 21-cv-01458-DWD |
| | ) |
| **USP MARION and FBOP,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Devin Pemberton is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently confined at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for alleged violations of his constitutional rights by persons acting under color of federal authority. (Doc. 1, pp. 1-3). Pemberton claims that he is housed at USP-Marion in conditions that pose a substantial risk of serious harm to his health or safety. He suffers from several health conditions (*e.g.*, prediabetes, hypertension, and obesity) that place him at high risk of serious illness or death from COVID-19, and yet he has been forced to live in a crowded cell without personal protective equipment. Pemberton characterizes his 262-month sentence as a "death sentence." (*Id.* at 2). He brings this action against USP-Marion and the BOP for

1

negligence, medical malpractice, and Eighth Amendment violations. (*Id*.). Pemberton requests money damages and injunctive relief.[1] (*Id*.).

Given his request for injunctive relief, the Court will take up this matter without delay. With that said, Pemberton filed this action without prepaying the filing fee of $402.00 or filing an application for leave to proceed *in forma pauperis*. He is reminded of his obligation to do so by December 20, 2021, or face dismissal of the action. (*See* Doc. 2).

The Complaint is subject to review under 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this stage, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Discussion

The Court finds it convenient to designate two counts in the *pro se* Complaint:

**Count 1:**   Eighth Amendment claim against Defendants for subjecting Pemberton to living conditions at USP-Marion that pose a substantial risk of serious harm to his health and safety, given his underlying health conditions and the ongoing COVID-19 pandemic.

**Count 2:**   Negligence or medical malpractice claim against Defendants for subjecting Pemberton to living conditions that put his health at risk, in light of his underlying health conditions and the ongoing COVID-19 pandemic.

---

[1] Pemberton does not indicate what injunctive relief he seeks or request any relief on an emergency basis. Therefore, the Court interprets this request as one for injunctive relief *at the close of the case*. If interim relief is necessary, Pemberton may file a motion for temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) or (b) describing the exact relief he seeks and the facts that support his request for relief.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Count 1

*Bivens* provides an implied damages remedy for certain constitutional deprivations caused by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The United States Supreme Court has recognized this remedy for claims against federal officials in the following contexts: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar v. Abbasi*, 137 U.S. 1843, 1854-55 (2017), (citations omitted). Federal courts are cautioned not to expand the *Bivens* remedy into new contexts that have not been recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60. Against this backdrop, the Court will consider Pemberton's claim.

Count 1 arises under the Eighth Amendment. However, the claim cannot proceed against the BOP or prison at this stage, even if it is allowed to proceed post-*Abbasi*. *Bivens* offers a damages remedy for a limited set of constitutional violations against *individual* officers, and the defendants are not *individual* federal agents. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). Both are employers of the agents who allegedly subjected Pemberton to unconstitutional conditions of confinement. The *Bivens* remedy does not extend to employers of federal agents. *Id*. at 71-72 & n.2; *See Holz v. Terre Haute Reg'l Hosp.*,

3

123 F. Appx. 712 (7th Cir. 2005); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Accordingly, Count 1 does not survive screening against either defendant and shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 2

The Court's jurisdiction over the related state law claims for negligence and/or medical malpractice is conferred by 28 U.S.C. § 1367, which authorizes a district court to exercise supplemental jurisdiction over state law claims when the state claims "are so related to [the federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When a district court dismisses those claims over which it has original jurisdiction, it has discretion to either retain jurisdiction over the supplemental claim or dismiss it. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 717 (7th Cir.), *cert. denied*, 525 U.S. 870 (1998). Dismissal of the pendant state law claim is the general rule. 28 U.S.C. § 1367(c)(2), (3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Accordingly, Count 2 shall be dismissed without prejudice to Pemberton re-pleading this claim in this or another action in federal or state court.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be

granted. **COUNT 2** is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(2), (3).

Pemberton is **GRANTED** leave to file a First Amended Complaint on or before **December 22, 2021**. Should Pemberton fail to file his First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Pemberton use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-01458-DWD). The **CLERK** is **DIRECTED** to mail Pemberton a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Pemberton must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Pemberton is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and

payable, regardless of whether Pemberton files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Pemberton is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 22, 2021**

_____
DAVID W. DUGAN
United States District Judge