IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID A. PEMBERTON, 67123-018, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 21-cv-1458-DWD |
| USP MARION, | ) |
| WARDEN SPROUT. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff David Pemberton's Motion to Reconsider (Doc. 15) the dismissal of this case for failure to prosecute, as well as his Motion to Waive the Filing Fee (Doc. 14). This lawsuit originated in November of 2021 when Plaintiff filed a complaint (Doc. 1) concerning the conditions of his confinement at the United States Penitentiary at Marion (USP Marion). Plaintiff's original complaint was dismissed for failure to state a claim, but he was afforded leave to file an amended complaint. (Doc. 4). Plaintiff filed a timely amended complaint (Doc. 8), as well as a Motion to Proceed In Forma Pauperis (IFP) (Doc. 7). In his Motion to Reconsider, Plaintiff contests the dismissal of his case for the failure to pay the filing fee.

The Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or

there has been a manifest error of law or of fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (*citing Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" *Bilek v. Am. Home Mortg. Servicing*, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (*quoting Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment. Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. FED. R. CIV. PROC. 60(b). Rule 60(b) does not allow a party to make "general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). It is not for the Court to "agoniz[e] over whether a motion asserts a ground for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Id.* at 302.

Plaintiff filed the motion to reconsider less than a month after the Order he contests, so his motion may properly be considered under Rule 59(e), or 60(b). To best

understand the analysis of the Motion to Reconsider (Doc. 15), it is appropriate to explain the events that preceded the motion. Plaintiff's motion to proceed IFP was denied on December 1, 2021, and he was directed to pay the filing fee of $402 by January 3, 2022. Having received nothing from Plaintiff, on January 11, 2022, the Court again directed Plaintiff to pay the filing fee by January 26, 2022, failing which his case would be dismissed. Plaintiff did not pay or communicate with the Court, so on February 4, 2022, his case was dismissed for failure to prosecute.

On February 9, 2022, the Court received a document titled Motion to Waive Filing Fee (Doc. 14), wherein Plaintiff indicated that one day prior to the January 11th Order giving him a last chance to pay the filing fee, his unit was placed on Covid-19 lockdown. On January 17, 2022, his cellmate tested positive for Covid-19. He alleged that due to the Covid-19 outbreak, there was no one available to process grievances or institutional checks. Thus, he requested that his lawsuit be commenced without a fee due to extraordinary circumstances. He dated this motion January 19, 2022, but it was not stamped by the post office until February 7, 2022, and it was not received by this Court until February 9.

On February 11, 2022, the Court received Plaintiff's full $402 filing fee.

On February 17, 2022, Plaintiff filed his Motion to Reconsider. In the Motion, he alleged that he had been on Covid-19 lockdown since January 5, 2022, but when he received the January 11th Order to pay the filing fee, he immediately informed the Court that he could not pay due to the lockdown. Plaintiff goes on to explain that he did not intentionally disregard the order to pay, and he asks the Court to reinstate his case. He

contends that the dismissal of his case was ethically and morally wrong.  He also seeks counsel in accordance with the Sixth Amendment.[1]  The Motion was signed and dated February 15, 2022, and it was postage stamped the same day.  It was received two days later.

Plaintiff's Motion for Reconsideration will be denied because Plaintiff has not established an error with the earlier dismissal of his case for failure to pay the filing fee that warrants relief.  Although Plaintiff claims that he was on Covid-19 lockdown from January 5, 2022, onward, and he claims that he sent the Court correspondence about the same, the Court does not find this argument persuasive.  First, Plaintiff's own filings are inconsistent about the start date of his Covid-19 quarantine.  In his Motion to Waive the filing fee, he discusses a Covid-19 lockdown that began January 10, 2022, while in his Motion for Reconsideration, he discusses a quarantine that began January 5, 2022.  He does not explain this discrepancy.  Additionally, his Motion to Waive the filing fee was dated January 19, 2022, but it was not postage stamped until February 7, 2022.  He does not explain the discrepancy between the signature date and the mailing date in his motion to reconsider.  Both nuances cast doubt on the credibility of Plaintiff's assertions that he was unable to pay the filing fee in January of 2022 due to Covid-19 issues at his facility.

Additionally, Plaintiff completely ignores the timeframe from December 1, 2021, to January 5, 2022, when he could have paid the filing fee, but did not do so.  He provides

---

[1] There is no Sixth Amendment right to counsel in civil cases. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

no explanation for his failure to pay the fee as was initially directed, and instead focuses all his efforts on what happened when he failed to pay during the last chance period the Court afforded him from January 11, 2022, to February 4, 2022.  Based on the timing of events, and Plaintiff's failure to pay during the initial time period, or to otherwise communicate with the Court, the Court finds that it was appropriate to dismiss this case for failure to pay.  Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

Plaintiff's Motion to Waive the Filing Fee (Doc. 14) is **DENIED**, because he has paid the filing fee in full, and a Covid-19 lockdown was not a sufficient extraordinary circumstance to excuse his obligation to pay a fee in this case.

Finally, the Court notes that even if Plaintiff had paid the filing fee in a timely fashion, or if his Motion to Reconsider were granted, his amended complaint (Doc. 8) does not appear to state any valid claims for relief.  Upon initial review of his complaint, the Court noted that Plaintiff could not maintain a claim against the Bureau of Prisons, or one of the prison facilities, because the *Bivens*[2] remedy does not extend to employers of federal agents.  (Doc. 4 at 3-4).  Plaintiff did not fix this defect in his amended complaint.  Although he named Warden Sprout as a defendant in his amended complaint in addition to USP Marion, he does not sufficiently describe any actions personally taken by Warden Sprout that violated his rights.  Therefore, even if Plaintiff had paid the filing fee on time, or if the Court made an exception for the late payment, the allegations in his

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

amended complaint are insufficient and would not have provided a valid basis for this lawsuit to continue.

For the above reasons, the Court finds it appropriate to **DENY** Plaintiff's Motion to Waive the Filing Fee (Doc. 14), and to **DENY** his Motion to Reconsider (Doc. 15). This case is already closed, so no further action is necessary.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment, or within 30 days of a ruling on a motion to alter or amend judgment. FED. R. APP. P. 4(a)(1)(A), 4(a)(4)(A)(iv)-(vi). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated: August 31, 2022

_____
DAVID W. DUGAN
United States District Judge